IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

RODERICK MCKISSICK,          :
                        :
          **Plaintiff,**     :
                        :      **CIVIL NO. 5:15-CV-0407-MTT**
          **VS.**           :
                        :
Governor **NATHAN DEAL**, et al,   :
                        :
          **Defendants.**
_____

## ORDER

Plaintiff Roderick McKissick, a state prisoner currently confined at Hancock State Prison in Sparta, Georgia, has filed a *pro se* civil rights complaint in this Court seeking relief under 42 U.S.C. § 1983.   He has also filed both a motion for counsel and motion to proceed without prepayment of the $350.00 filing fee.

Upon consideration of Plaintiff's pleadings, the Court finds that Plaintiff may not proceed *in forma pauperis*, as three or more of his prior complaints or appeals have been dismissed and count as "strikes" under 28 U.S.C. § 1915(g).   His Motion to Proceed *in forma pauperis* is thus **DENIED**; and his Complaint is **DISMISSED WITHOUT PREJUDICE** for this reason, for Plaintiff's abuse of the legal process, for violation of Rule 8, and because the requested relief cannot be granted in a § 1983 action.   Plaintiff's request for appointed counsel is **DENIED**.

### I.   Motion for Appointment of Counsel

Plaintiff requests that counsel be appointed to assist him in prosecuting this case.

Under 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel." However, there is "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 682 F.2d 850, 853 (11th Cir. 1989).

In this case, Plaintiff filed a standard § 1983 *pro se* complaint. The Court is now required to review the Complaint to determine whether Plaintiff's allegations support a colorable legal claim. This process is routine in *pro se* prisoner actions and is thus not an "exceptional circumstance" justifying the appointment of counsel. The facts stated in Plaintiff's Complaint are not complicated; and the relevant law is not complex. The undersigned thus finds that the essential facts and legal doctrines involved in this case are ascertainable by Plaintiff without the assistance of an attorney. Plaintiff's motion for appointed counsel (ECF No. 3, 12) is accordingly **DENIED**.

II.     **Motion to Proceed** *in forma pauperis*

Upon filing this action, Plaintiff also moved for leave to proceed without prepayment of the filing fee. Federal law prohibits a prisoner from bringing a civil action in federal court *in forma pauperis*

if [he] has, on 3 or more prior occasions, while incarcerated or detained in

2

any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).   This is known as the "three strikes provision."   Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is frivolous or malicious or fails to state a claim.   *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).   If a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: Leave may not be granted unless the prisoner alleges an "imminent danger of serious physical injury." *Id.*

A review of court records reveals that Plaintiff has filed many lawsuits in federal court and that at least three of his complaints or appeals have been dismissed as frivolous or for failure to state a claim. *See McKissick v. Deal*, 5:14-cv-00072-MTT, ECF No. 14 (M.D. Ga. May 23, 2014) (complaint dismissed for failure to state a claim), Appeal No. 14-12527-B, ECF No. 23 (11th Cir. Sept. 24, 2014) (dismissed as frivolous); *McKissick v. Owens*, 5:11-cv-0364-MTT, ECF No. 7 (M.D. Ga. Oct. 13, 2011) (complaint dismissed for failure to state a claim), Appeal No. 12-161117-C, ECF No. 28 (11th Cir. May 21, 2013) (dismissed as frivolous).   Because of this, Plaintiff may not proceed *in forma pauperis* unless he can show that he qualifies for the "imminent danger" exception in § 1915(g). *See Medberry*, 185 F.3d at 1193.

To qualify for this exception, a prisoner must allege specific facts that describe "an ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of

3

imminent serious physical injury." *Sutton v. Dist. Attny's Ofc.*, 334 F. App'x 278, 279 (11th Cir. Aug. 22, 2009). Complaints of past injuries are not sufficient. *See id.* Vague and unsupported claims of possible dangers likewise do not suffice. *White v. State of Colo.*, 157 F.3d 1226, 1231 (10th Cir. 1998). The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is serious physical injury." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

In this case, Plaintiff generally complains about the conditions and legality of his confinement. Plaintiff, however, does not clearly allege an ongoing serious physical injury or pattern of misconduct evidencing the likelihood of imminent physical injury. Plaintiff's Motion to proceed *in forma pauperis* is therefore **DENIED**. When the district court denies a prisoner leave to proceed *in forma pauperis* pursuant to § 1915(g), the proper procedure is for the court to then dismiss the complaint without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). The Court may thus dismiss Plaintiff's Complaint without prejudice to his right to refile upon payment of the full filing fee.

### III.    Failure to Disclose Litigation History

Even if Plaintiff was entitled to proceed *in forma pauperis* in this case, his Complaint is also subject to dismissal because he provided false information to the Court. The standard complaint for *pro se* prisoner actions filed pursuant to § 1983 unambiguously requires the plaintiff to fully disclose his litigation history. *See* Compl. at 2-3. On his complaint form, Plaintiff represents that he filed only two prior lawsuits in federal court.

Plaintiff then signed his complaint certifying "under the penalty of perjury" that the statements therein were true and correct.   However, court records show that his statements were not all true; Plaintiff filed a third lawsuit which was not disclosed: *McKissick v. Owens*, 3:12-cv-0065-DHB-BKE, ECF No. 1 (S.D. Ga. July 20, 2012).

In this Circuit, it is considered an abuse of the judicial process – warranting dismissal – if a prisoner fails to fully disclose his complete litigation history, under penalty of perjury, on a complaint form that unambiguously requires the disclosure be made.   *See Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir.1997); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), abrogated on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007). "Although *pro se* pleadings are held to a less stringent standard, a plaintiff's *pro se* status does not excuse mistakes regarding procedural rules."   *Id.* (citing *McNeil v. United States*, 508 U.S. 106 (1993)).   Plaintiff's failure to disclose his prior lawsuit in this case is therefore cause to dismiss his Complaint without prejudice as frivolous or malicious under § 1915A(b)(1).   *See id.   See also*, *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132 (11th Cir. 2012) (dismissal warranted where plaintiff failed to disclose one prior case even though he disclosed existence of another); *Harris v. Warden*, 498 Fed. App'x 962, 964 (11th Cir. 2012) ("A dismissal without prejudice generally does not constitute abuse of discretion, even for a single violation . . . , because the affected party may simply re-file.").

## IV.    Failure to State a Claim

Plaintiff's claims are further subject to dismissal for failure to state a claim under 28 U.S.C. § 1915A.   Plaintiff's shotgun style complaint merely offers a few conclusory

statements while identifying over forty defendants by their job description.   Plaintiff then

attached over 250 pages to identify more than 360 exhibits.   Based on the information

contained in those attachments, Plaintiff apparently requests to be compensated for

twenty-two years of "illegal incarceration" and demands a "full pardon."   Such relief is

not available in a § 1983 action.   Habeas corpus "is the exclusive remedy for a state

prisoner who challenges the fact or duration of his confinement." *See Heck v. Humphrey*,

512 U.S. 477, 486-87 (1994).   That alone is grounds for dismissal under § 1915A(b)(1).

Aside from that, however, it is also clear that Plaintiff made no effort to comply with

the pleading requirements set forth in the Federal Rule of Civil Procedure.   Rule 8(a)(2)

requires that Plaintiff provide "a short and plain statement" of his claims.   Fed. R. Civ. P 8.

The purpose of this rule "is self-evident, to require the pleader to present his claims

discretely and succinctly, so that, his adversary can discern what he is claiming and frame a

responsive pleading, [and] the court can determine which facts support which claims and

whether the plaintiff has stated any claims upon which relief can be granted.   *See Weiland*

*v. Palm Beach Cnty. Sheriff's Ofc.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (quoting *T.D.S.*

*Inc. v. Shelby Mut. Ins. Co*., 760 F.2d 1544 n. 14 (11th Cir.1985)).

Plaintiff's Complaint is neither short nor plain.   It is replete with rambling

conclusions and includes hundreds of attachments from which this Court is apparently

expected to identify his many improperly joined claims.   Despite the lenience afforded

*pro se* plaintiffs, this Court will not - and is not required to - sift through hundreds of pages

of fragmented information to decipher Plaintiff's claims *and* then determine whether any

fact buried within his 364 exhibits is material. *See Osahar*, 297 F. App'x at 864 (11th Cir. 2008) ("[T]o force the parties and the court to sift through an additional 100 pages of letters, reports, and contracts would frustrate the purpose of Rule 8(a)(2)"). *See e.g.*, *Hand v. ABN AMRO Mortgage Grp., Inc.*, No. CV 112-176, 2013 WL 6383128, at *5 (S.D. Ga. Dec. 5, 2013) ("[T]he [c]ourt refuses to sift through the [c]omplaint's 179 paragraphs and 70 exhibits, hunting and pecking for allegations that could be material to each cause of action."); *Mujahid v. Wiley*, No. 08CV-02038, 2008 WL 4974367, at *1 (D. Colo. Nov. 19, 2008) ("[Plaintiff] relies upon numerous attachments to the complaint to explain his claims, apparently expecting the [c]ourt . . . to sift through the attachments to determine their relevance to his asserted claims . . . . That is not a judicial function.").

This is not new information to Plaintiff.   He filed a similar pleading just last year and was told the very same thing by this Court. *See McKissick v. Deal*, 5:14-cv-0072, ECF No. 9 (M.D. Ga. April 4, 2014) ("Plaintiff's current pleading is vague and conclusory and accompanied by 150 pages of exhibits, grievances, and allegations. The undersigned will not scour all of the attachments to Plaintiff's [c]omplaint and organize the allegations contained therein in an effort to determine whether Plaintiff has stated any viable claim."). The undersigned thus finds that Plaintiff's violation of Rule 8 in this instance was not a mistake made by a *pro se* plaintiff ignorant of civil procedure; it was a knowing and intentional violation of the Federal Rules by a seasoned litigant.  *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (amendment need to be allowed where there has been bad faith).   His Complaint, therefore, is also dismissed for violation of Rule 8.

## V.    Conclusion

Leave to proceed *in forma pauperis* is **DENIED** pursuant to § 1915(g), and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** for this reason, for Plaintiff's abuse of the legal process, for violation of Rule 8, and because the requested relief is not available.

**SO ORDERED**, this 12th day of November, 2015.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT